UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDWIN PIERROT,

                Plaintiff,

    -against-                    COMPLAINT

THE CITY OF NEW YORK, "SEVERAL UN[KNOWN]
POLICE OFFICERS" and "SEVERAL UNKN[OWN]
CORRECTION OFFICERS",

                Defendants.
-----------------------------------------------------------------X

        Plaintiff, by his attorney TRACIE A. SUNDACK, L.L.C. complaining of the Defendants, respectfully alleges, as follows:

## JURISDICTION

        This action arises under the provision of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under federal law, particularly the Civil Rights Act, 42 USC 1981, 1983 and 1985 (2) and (3).

        This Court has jurisdiction of this cause under 28 USC, by virtue of 1343. Declaratory and injunctive relief is authorized pursuant to 28 USC sections 2201 and 2202 and F.R.C.P. 37.

## AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT

        1. At all relevant times, Defendant THE CITY OF NEW YORK was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of NEW YORK.

        2. At all relevant times, Defendants "SEVERAL UNKNOWN POLICE OFFICERS" were employed by the Defendant, THE CITY OF NEW YORK, as police officers.

        3. Upon information and belief, at all relevant times, Defendants "SEVERAL UNKNOWN



POLICE OFFICERS" acted within the scope of their employment as a police officers.

4. At all relevant times, Defendants "SEVERAL UNKNOWN POLICE OFFICERS" were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City, and State of New York, County of Queens and under the authority of this office as police officers for said city and county.

5. On October 17, 1997 "SEVERAL UNKNOWN POLICE OFFICERS" physically attacked Plaintiff EDWIN PIERROT without any provocation. (The "ATTACK").

6. On October 17, 1997 "SEVERAL UNKNOWN POLICE OFFICERS" verbally abused Plaintiff EDWIN PIERROT without any provocation.

7. Immediately after the Plaintiff suffered the aforesaid serious and severe injuries, the Defendants, THE CITY of NEW YORK, "SEVERAL UNKNOWN POLICE OFFICERS", their agents, servants and/or employees failed to provide the Plaintiff with necessary, immediate medical attention thereby causing the Plaintiff to suffer additional pain and suffering and aggravating his physical injuries.

8. The foregoing acts of the Defendants, under color of law and under color of their authority as employees, agents and/or servants of the State of New York, violated Plaintiff's civil rights guaranteed to the Plaintiff as a citizen of the United States, by the VIII and XI Amendments of the United States Constitution, and are therefore liable pursuant to 42 U.S.C. Section 1983.

9. As a result of the acts of Defendants, its agents, and employees, Plaintiff suffered serious personal injuries causing him to become and remain sick, sore, lame, and disabled; compelling him to obtain medical treatment for the injuries in an effort to alleviate and/or cure some of the injuries and disabilities, incapacitating him from his duties and thereby depriving him of the emoluments derived therefrom, preventing him from enjoying the normal fruits of his activities, and resulting in

substantial monetary expenses, loss and injuries, some of which are permanent in nature.

10. The conduct of each of the Defendants deprived Plaintiff of the following rights, privileges and immunities secured to him by the United States Constitution:

a. The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

b. The right of Plaintiff to be informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

c. The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.

11. As a result of the foregoing, Plaintiff EDWIN PIERROT has suffered damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION FOR ASSAULT

12. Plaintiff repeats, and realleges each and every paragraph of this complaint and further alleges:

13. At all relevant times Defendant "SEVERAL UNKNOWN CORRECTION OFFICERS" were employees by Defendant THE CITY OF NEW YORK, and were assigned to Rikers Island.

14. Upon information and belief, at all relevant times, Defendants "SEVERAL UNKNOWN CORRECTION OFFICERS" acted within the scope of their employment as

correction officers.

15. At all relevant times, Defendants "SEVERAL UNKNOWN CORRECTION OFFICERS" were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City, and State of New York, County of Bronx and under the authority of this office as correction officers for said city and county.

16. On or around October 23, 1997, "SEVERAL UNKNOWN CORRECTION OFFICERS" verbally abused and threatened Plaintiff EDWIN PIERROT without any provocation.

17. On or around October 23, 1997, "SEVERAL UNKNOWN CORRECTION OFFICERS" physically attacked Plaintiff EDWIN PIERROT without any provocation.

18. The foregoing acts of the Defendants, under color of law and under color of their authority as employees, agents and/or servants of the City of New York, violated Plaintiff's civil rights guaranteed to the Plaintiff as a citizen of the United States, by the VIII and XI Amendments of the United States Constitution, and are therefore liable pursuant to 42 U.S.C. Section 1983.

19. As a result of the acts of Defendants, its agents, and employees, Plaintiff suffered serious personal injuries causing him to become and remain sick, sore, lame, and disabled; compelling him to obtain medical treatment for the injuries in an effort to alleviate and/or cure some of the injuries and disabilities, incapacitating him from his duties and thereby depriving him of the emoluments derived therefrom, preventing him from enjoying the normal fruits of his activities, and resulting in substantial monetary expenses, loss and injuries, some of which are permanent in nature.

20. The conduct of each of the Defendants deprived Plaintiff of the following rights,

privileges and immunities secured to him by the United States Constitution:

    a.    The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

    b.    The right of Plaintiff to be informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

    c.    The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.

21. As a result of the foregoing, Plaintiff EDWIN PIERROT has suffered damages in the sum of THREE MILLION ($3,000,000) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FAILURE TO SUPERVISE

22. Plaintiff repeats and realleges each and every paragraph of this complaint.

23. The failure of Defendant, THE CITY OF NEW YORK, to adequately train, supervise, discipline or in any way control the behavior of Defendants, "SEVERAL UNKNOWN POLICE OFFICERS" and other police officers in the exercise of their employment functions, and their failure to enforce the laws of the City and State of New York and the regulations of Defendant, THE CITY OF NEW YORK, is evidence of the reckless lack of cautious regard for the rights of the public including Plaintiff, EDWIN PIERROT. Further, Defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

24. The failure of Defendant, THE CITY OF NEW YORK, to adequately train, supervise,

discipline or in any way control the behavior of Defendants, "SEVERAL UNKNOWN CORRECTIONS OFFICERS" and other correction officers assigned to Rikers Island in the exercise of their employment functions, and their failure to enforce the laws of the City and State of New York and the regulations of Defendant, THE CITY OF NEW YORK, is evidence of the reckless lack of cautious regard for the rights of the public including Plaintiff, EDWIN PIERROT. Further, Defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show

25. The failure of the Defendant, THE CITY OF NEW YORK, to train, supervise, discipline or in any other way control the Defendants, "SEVERAL UNKNOWN POLICE OFFICERS" and other police officers, in the exercise of their employment functions and their failure to enforce the laws of the State of New York and the regulations of the Defendant THE CITY OF NEW YORK, was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of New York, including Plaintiff, EDWIN PIERROT.

26. The failure of the Defendant, THE CITY OF NEW YORK, to train, supervise, discipline or in any other way control the Defendants, "SEVERAL UNKNOWN CORRECTION OFFICERS" and other correction officers assigned to Rikers Island, in the exercise of their employment functions and their failure to enforce the laws of the State of New York and the regulations of the Defendant THE CITY OF NEW YORK, was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of New York, including Plaintiff, EDWIN PIERROT.

27. It is the policy, custom and practice of the Defendant, THE CITY OF NEW YORK,

to (a) inadequately train, supervise, discipline or in any way control the behavior of police officers in their employ; (b) continue to employ police officers and other police officers without adequate training, supervision or discipline; (c) make no investigation of charges of inadequate training, supervision or discipline of Defendants, "SEVERAL UNKNOWN POLICE OFFICERS" and other police officers; (d) make no effort to halt and/or discipline police officers charged with these or similar offenses, whether civilly or criminally.

28. It is the policy, custom and practice of the Defendant, THE CITY OF NEW YORK, to (a) inadequately train, supervise, discipline or in any way control the behavior of correction officers in their employ; (b) continue to employ correction officers and other correction officers without adequate training, supervision or discipline; (c) make no investigation of charges of inadequate training, supervision or discipline of Defendants, "SEVERAL UNKNOWN CORRECTION OFFICERS" and other correction officers; (d) make no effort to halt and/or discipline correction officers charged with these or similar offenses, whether civilly or criminally.

29. All of these policies, customs and practices of the Defendant, THE CITY OF New YORK, were a proximate cause of the injuries sustained by Plaintiff.

30. Wherefore, Plaintiff asks that this Court declare the policies, practices and acts complained of as illegal and unconstitutional, and issue an injunction against Defendants to cease and desist from the above described activities.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

31. Plaintiff repeats, and realleges each and every paragraph of this complaint and further alleges:

32. The acts, conduct, and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously.

33. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR ATTORNEY'S FEES

34. Plaintiff repeats and realleges each and every paragraph of this complaint.

35. By reason of the foregoing acts and/or omissions of the Defendants in violation of the VIII and XI Amendments of the United States Constitution the Plaintiff has been forced to bring this lawsuit to enforce 42 U.S.C. Section 1983 and as a result thereof has suffered significant economic loss in the form of attorney's fees.

36. Pursuant to 42 U.S.C. Section 1988 the Plaintiff is entitled to reasonable attorney's fees as part of the costs.

37. By reason of the foregoing, Plaintiff EDWIN PIERROT is entitled to attorneys fees in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE,** Plaintiff EDWIN PIERROT demands judgment against Defendants THE CITY OF NEW YORK, " SEVERAL UNKNOWN POLICE OFFICERS" and "SEVERAL UNKNOWN CORRECTIONS OFFICERS" jointly and severally as follows: On the First Cause of Action for the sum of FIVE MILLION ($5,000,000.00) DOLLARS, the Second Cause of Action for the sum of THREE MILLION ($3,000,000.00) DOLLARS, the Third Cause of Action for an injunction, the Forth Cause of Action for the sum of TEN MILLION ($10,000,000.00) DOLLARS, the Fifth Cause of Action in the amount of ONE MILLION ($1,000,000.00) DOLLARS, together with interest, costs and disbursements of this

action.

JURY DEMAND

    Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       January 18, 2000

                                                TRACIE A. SUNDACK
                                                By: JEFFREY R. POLLACK (JRP-7575)
                                                Attorney for Plaintiff
                                                EDWIN PIERROT
                                                7 South Broadway, Suite 300
                                                White Plains, New York  10601
                                                (914) 946-8100

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF WESTCHESTER )

     I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, state:

     That I am the attorney of record for the Plaintiff in the within action.

     That I have read the foregoing SUMMONS and COMPLAINT and know the contents thereof; the same is true to my own knowledge, except for the matters therein alleged to be on information and belief, and as to those matters I believe them to be true. The reason this Verification is made by me and not by the Plaintiff is that Plaintiff resides outside the County where your affirmant maintains his office. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: files maintained by my office and conversations with Plaintiff.

     I affirm that the foregoing statements are true, under the penalties of perjury.

DATED: New York, New York
January 18, 2000

                                                _____
                                               JEFFREY R. POLLACK